THE PEOPLE *v.* RAMOS.

APPEAL from the District Court of Mayagüez.

No. 160.—Decided April 23, 1909.

PENAL LAW—GRAND LARCENY—STATEMENT OF THE CASE—APPROVAL BY THE JUDGE—AGREEMENT OF THE PARTIES.—The approval of the trial judge is an indispensable requisite to the authenticity of a statement of the case, a bill of exceptions or a statement of facts, without which it cannot be made a part of the record nor receive the attention of this court. Counsel cannot by agreement dispense with the approval of the judge.

ID.—STATEMENT OF THE CASE—ORDER INCORPORATING IT INTO THE RECORD.—It is not the secretary but the judge of the trial court whose action is required to incorporate the statement of the case into the record and make it a part thereof.

ID.—CONTRADICTORY EVIDENCE—FINDINGS OF THE TRIAL COURT.—Where the evidence is conflicting it is the duty of the trial court to reconcile the statements of the different witnesses, and when its conclusions are seemingly fair and unbiased, they will not be reversed by this court.

ID.—JUDGMENT JUSTIFIED BY THE EVIDENCE.—No motion for a new trial having been made, and the sufficiency of the information not having been impeached in the court, nor any exception taken to the admission or exclusion of any part of the evidence, or to the regularity of any of the proceedings, the judgment of conviction must be allowed to stand, as being justified by the facts proven on the trial.

The facts are stated in the opinion.

*Mr. Alvarez Nava* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The appellant in this case, Laureano Ramos, was convicted, on November 18, 1908, in the District Court of Mayagüez, of the crime of grand larceny and sentenced to one years's

imprisonment in the penitentiary at hard labor. From this judgment he took an appeal and the case was heard in this court on the 15th of the present month, on oral arguments and briefs for both the accused and the people.

There is a statement of the case found in the record signed and certified by the counsel on each side in the trial court, which seems to have met the approbation of the secretary, but it is not signed and approved by the trial judge. This approval has often been held to be an indispensable requisite to the authenticity of a statement of the case, a bill of exceptions or a statement of facts, without which it cannot be made a part of the record nor receive the attention of this court. Counsel cannot by agreement dispense with the approval of the district judge in such matters. (See the cases of *The People* v. *Laborde et al.,* 9 P. R. Rep., 403; *Rodríguez* v. *Jiménez,* 11 P. R. Rep., 7; *López* v. *Am. R. R. Co.,* 11 P. R. Rep., 148; *García* v. *Cañada,* 11 P. R. Rep., 403; *Gutierrez* v. *Bustelo,* decided on the 20th of April, 1909, and the cases there cited, and many others to the same effect.)

There also appear in the record what is, perhaps, intended as an order of the court accepting the statement offered by counsel though it does not say so in direct terms; but even had the order been couched in the appropriate language it would have been insufficient, since it is not the secretary but the judge of the trial court whose action is required to incorporate the statement of the case into the record and make it a part thereof. This has been plainly decided by this court as well as many others. (*Acevedo* v. *Solá,* 10 P. R. Rep., 77; *Molfulleda* v. *Ramos,* 10 P. R. Rep., 298; *Ezquiaga* v. *Munítiz,* 11 P. R. Rep., 100.)

But even had the statement of the case been properly made a part of the record, the facts set forth therein would not be sufficient to secure a reversal of the judgment of conviction, for it has very often been decided by us, following the main current of authorities, that where the evidence is conflicting it is the duty of the trial court to reconcile the statements

of the different witnesses, if possible, and thus to deduce the truth from the tangled web of testimony. And if the statements of the different witnesses are irreconcilable, then the trial judge, or the jury, must carefully weigh the evidence and decide which of the witnesses are worthy of belief. The facilities of the court below for these duties are much superior to ours, for the witnesses appear there in person and their intelligence, their manner of testifying, their personal bias, if any, and all other circumstances affecting the credibility of their testimony can be fairly considered; and hence we will rarely interfere in the matter, when the trial court has reached a seemingly fair and unbiased conclusion; but the appellate court nearly always feels constrained to let the judgment pronounced in the court below stand as rendered. (*People of Porto Rico* v. *Demetrio Díaz, alias Leña Verde,* 12 P. R. Rep., 141; *Morales* v. *La Central Machete,* 9 P. R. Rep., 117; *Román* v. *The Am. R. R. Co. of Porto Rico,* 10 P. R. Rep., 52.)

The written brief of the learned counsel for the appellant rests on the proposition that the trial court erred in the consideration of the evidence and that its judgment of conviction is not justified by the facts proven on the trial. Under the authorities heretofore cited we must regard this question as correctly decided by the trial court, especially as no motion for a new trial was made therein. Nothing appears to have been said or done, upon the trial in the court below, to impeach the sufficiency of the evidence, on which the prosecution was based; nor was any exception taken to the admission or exclusion of any part of the evidence, or to the regularity of any of the proceedings; but reliance is placed entirely upon the insufficiency of the evidence to support a conviction; while at the same time the proper steps to place the evidence adduced on the trial before this court for consideration are entirely neglected, thus necessitating an affirmance of the judgment rendered in the district court.

From the best examination of the record which we have been able to make, after a careful study of all its parts, includ-

ing the so-called statement of the case, no fundamental error is apparent and so the judgment of conviction must be allowed to stand.

*Affirmed.*

Acting Chief Justice Hernández and Justice Wolf con-curred.

Mr. Justice Figueras took no part·in the decision of this case.